JOURNAL ENTRY and OPINION
Appellant Janet Lynch appeals from the trial court's journal entry granting appellees Civ.R. 12(B)(6) motion to dismiss. In the same journal entry, the trial court denied Lynch's motion captioned "Plaintiff's Motion for Trial" which Lynch ostensibly filed in response to appellee National City's motion to dismiss. (Appellees National City Mortgage, National City Consumer Loan, and National City Bank collectively referred to as National City).
In her appellate brief, Lynch did not explicitly assign errors for our review. Regardless, we are able to determine from statements in her brief and from the record that Lynch is before us to challenge the trial court's decisions treating her "Motion for Trial" as premature and granting appellees' joint motion for dismissal. Accordingly, we address these concerns herein. The apposite facts follow.
This appeal stems from three consolidated cases. Lynch complained National City committed various wrongs against her relating to two mortgages executed in favor of National City Bank.
On October 30, 2000, the defendants filed a joint Civ.R. 12(B)(6) motion to dismiss Lynch's complaints for failure to state a claim upon which relief can be granted. On November 1, 2000, Lynch filed a document entitled "Plaintiff's Request for Trial" in which Lynch requested summary judgment and restated the allegations in her complaint. The following day, Lynch filed an "Amended Motion by Plaintiff for Trial" in which she requested the court strike her motion for summary judgment and requested that the court proceed to trial. On November 21, 2000, the trial court entered judgments granting Lynch's request to strike her summary judgment request, and denied her request for trial as premature because defendant's motion for dismissal was pending. On November 30, 2000, the trial court granted defendants' motion to dismiss, which it treated as unopposed by Lynch. This appeal followed.
Lynch complains to us that the trial court improperly failed to treat her requests for trial as responses to appellees' motion to dismiss, and that the trial court erred in granting appellees' motion to dismiss. Essentially, Lynch asks us to review the propriety of the court's grant of dismissal in favor of appellees.
When reviewing a Civ.R. 12(B)(6) dismissal, we independently review the complaint to determine the propriety of the dismissal.[1] A Civ.R. 12(B)(6) dismissal is proper only if, after entirely accepting the plaintiff's allegations as true, we determine the plaintiff cannot prove any set of facts entitling her to recovery.[2]
In her complaint, Lynch stated that National City harassed her and her tenants, failed to offer her disability insurance, wants her to clear-up a non-sufficient funds fee, didn't apply a payment to her loans, returned funds she intended as payment, aided her disability, failed to offer her a hardship alternative, committed discriminatory treatment, ruined her credit, and made untrue accusations of not being current in her loan payments. Even upon fully accepting these allegations as true, we see nothing in her complaint or these allegations that show Lynch is entitled to relief. We respect that Lynch is pro se and her complaint is not going to adhere to the standards set for a trained lawyer. However, we must be satisfied beyond a doubt that she can produce a set of facts to support her allegations. We were not so satisfied; accordingly, Lynch's appeal is without merit.
Judgment affirmed.
It is ordered that appellees recover of appellant their costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES D. SWEENEY, P.J., and FRANK D. CELEBREZZE, J., CONCUR.
[1] Girts v. Raaf (May 4, 1995), 1995 Ohio App. LEXIS 1862, Cuyahoga App. No. 67774, unreported.
[2] Greeley v. Miami Valley Maintenance Contrs., Inc. (1990),49 Ohio St.3d 228, 230, 551 N.E.2d 981.